UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAYNOR ESPINOZA HERNANDEZ,

                Petitioner,

v.                                                        Case No. 25-cv-1670-bhl

SAMUEL OLSON, MARCOS CHARLES, KRISTI
NOEM, PAMELA BONDI, DALE J SCHMIDT, and
SCOTT SMITH,

                Respondents.

## RULE 4 SCREENING ORDER

      Maynor Espinoza Hernandez, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Under Rule 4 of the Rules Governing §2254 Cases, which can also apply to §2241 petitions, *see* Rule 1(b), Rules Governing §2254 Cases; Civil Local Rule 9(a)(2), the Court will review and screen the petition. As part of the screening process, the Court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing §2254 Cases.

### BACKGROUND

      According to the petition, Espinoza Hernandez is a native and citizen of Honduras who has resided in the United States since November 16, 2016, after he sought asylum at the border near Brownsville, Texas. (ECF No. 1 ¶¶17, 48; ECF No. 2 at 10.) Upon his entry into the United States, the Department of Homeland Security (DHS) released Espinoza Hernandez into the country with an I-220A form Order of Release on Recognizance (OREC), which stated that he was detained and released under Section 236 of the Immigration and Nationality Act, codified at 8 U.S.C. §1226. (ECF No. 1 ¶49.) Espinoza Hernandez filed an asylum application on February 15, 2019. (*Id.* ¶54.) He participated in removal proceedings until July 19, 2021, when his removal proceedings

were administratively closed by Immigration Judge Elizabeth Crites based on DHS's position that Espinoza Hernandez was "not an enforcement priority." (*Id.* ¶53; ECF No. 2 at 1.)

On September 25, 2025, Espinoza Hernandez was arrested by ICE while working at Maple Leaf Farms in Manitowoc, Wisconsin. (ECF No. 1 ¶51.) Espinoza Hernandez has a valid work permit, allowing him to work until September 22, 2029, and has been working as a breeding technician at Maple Leaf Farms pursuant to that authorization. (*Id.* ¶54; *see* ECF No. 2 at 12.) He has been detained at the Dodge County Jail since his arrest.

On September 30, 2025, DHS moved to re-calendar Petitioner's removal proceedings before the Chicago immigration court pursuant to 8 U.S.C. § 1229a. (ECF No. 1 ¶ 52.) Despite having been the attorney of record since 2019, Espinoza Hernandez's counsel was not served with a copy of the motion. (*Id.*; ECF No. 2 at 5.) On October 6, 2025, an immigration judge granted the motion as unopposed. (ECF No. 1 ¶52; ECF No. 2 at 7.) On October 7, 2025, Espinoza Hernandez submitted a bond request to the immigration court and a bond hearing was initially scheduled for October 27, 2025, but was later rescheduled to October 29, 2025. (ECF No. 1 ¶57.)

As of filing the petition, the immigration judge had not issued a decision on the bond request. (*Id.*) Espinoza Hernandez believes that the immigration judge will find no jurisdiction over the bond request because, on July 8, 2025, ICE adopted new "Interim Guidance" reflecting a change in the agency's interpretation of the law governing the release of noncitizens on bond. (*Id.* ¶¶33–34, 57.) ICE now takes the position that under 8 U.S.C. §1226, only noncitizens who are already admitted to the United States are eligible to be released from custody during their removal proceedings, while all others are subject to mandatory detention under 8 U.S.C. §1225. (*Id.* ¶34.) On September 5, 2025, the Board of Immigration Appeals issued a decision adopting this position, holding that an immigration judge has no authority to consider bond requests for any person who entered the United States without admission and that such individuals are subject to mandatory detention under 8 U.S.C. §1225(b)(2)(A). (*Id.* ¶35 (citing *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).)

## ANALYSIS

A habeas petition under 28 U.S.C. §2241 allows persons in custody to challenge the fact or duration of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The Supreme Court has recognized Section 2241

as a forum for statutory challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The petition asserts three grounds for relief. First, Espinoza Hernandez contends that his continued detention under ICE's new "Interim Guidance" violates the plain language of the Immigration and Nationality Act and is contrary to decades of agency practice applying Section 1226(a) to noncitizens like Petitioner. (*Id.* ¶¶5–6.) Second, he argues that DHS should be judicially estopped from asserting their current interpretation of 8 U.S.C. § 1225(b)(2)(A), because they previously prevailed in litigation after asserting the opposite interpretation. (*Id.* ¶7 (citing *New Hampshire v. Maine*, 532 U.S. 742 (2001)).) Third, Espinoza Hernandez asserts that DHS's issuance of an I-220A OREC placing Petitioner in custody under 8 U.S.C. § 1226(a) reflects a discretionary, fact-based determination that Petitioner is not subject to mandatory detention under § 1225(b)(2)(A). (*Id.* ¶8.) Espinoza Hernandez seeks a writ of habeas corpus requiring that he be released unless Respondents provide a bond hearing under Section 1226(a) within seven days. (*Id.* ¶9.)

Based on his petition, the Court cannot conclude that Espinoza Hernandez is plainly not entitled to relief. Under 28 U.S.C. §2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

Accordingly, the Court will order Respondents to respond to the petition within three days of service. For good cause, the Court may grant Respondents a *short* extension if requested and properly supported.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Clerk of the Court shall promptly serve a copy of the petition and this order upon Respondent Scott Smith, Jail Administrator, Dodge County Jail pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Samuel Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Respondents shall respond to the petition within three days from service of this Order.

Dated at Milwaukee, Wisconsin on November 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge